Lewis DISIBIO, suing individually and on behalf of the general public; et al., Plaintiffs—Appellants,

v.

MISSION NATIONAL BANK, a National Banking Association, sued separately and as successor in interest to City Federal Savings and Loan Association, Defendant—Appellee.

No. 03–15722.

D.C. No. CV–01–03668–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

Lewis Disibio, Oakland, CA, pro se.

Mary Disibio, Oakland, CA, pro se.

William M. Levinthal, John F. Friedemann, Kyle M. Fisher, Friedemann,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

O'Brien, Goldberg & Zaria, Santa Rosa, CA, for Defendant–Appellee.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Lewis and Mary diSibio appeal pro se the district court's summary judgment for Mission National Bank ("MNB") in their action alleging federal and state law violations that occurred during the Resolution Trust Corporation's ("RTC") placement of City Federal Savings and Loan Association ("City Federal"), into receivership with MNB. We review de novo the district court's summary judgment, *Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1282 (9th Cir.1994), and we affirm.

■ The district court properly dismissed the diSibios' claims against City Federal because they failed to exhaust their administrative remedies before the RTC. *See* 12 U.S.C. § 1821(d)(13)(D); *Intercontinental Travel Mktg., Inc.*, 45 F.3d at 1282 (holding that the district court lacks jurisdiction to consider claims against a failed financial institution unless they are first brought before the FDIC); *see also Resolution Trust Corp. v. First Am. Bank*, 155 F.3d 1126, 1127 (9th Cir. 1998) (stating that the RTC was the FDIC's predecessor).

■ The district court properly held that the terms of the receivership contract between RTC and MNB—the Deposit Insurance Transfer and Asset Purchase Agreement ("DITAPA")—clearly and un-ambiguously provided that MNB would assume only certain, limited obligations. *See United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988). Contrary to the diSibios' contention, the district court properly held that the DITAPA empowered RTC to effect lower interest rates on deposit accounts after MNB assumed City Federal's administration, because the higher rates were burdensome and the repudiation of those interest rates would promote the orderly administration of the institution's affairs. *See* 12 U.S.C. §§ 1821(e)(1)(B) and (C); *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir.1999).

■ We reject the diSibios' contention that the money deposited into their Negotiable Order of Withdrawal (NOW) account was not subject to the DITAPA.

The diSibios' remaining contentions are unpersuasive.

We deny the diSibios' motion to take judicial notice of documents that were not admitted before the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.